UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, DIVISION

ANDREW CRAMER, KIM GRADEN,                CASE NO.: 6:20-cv-1808-RBD-EJK
JEANNINE DONIGAN, BRITTANY
WALKER, ANITE REDFERN, SCOTT
SAKALL, BRIDGETT WILLIAMS-
COOPER, LATOYA LATSON, and SASHA
TERAN

     Plaintiffs,

vs.

FAVORITE HEALTHCARE STAFFING,
INC.,

     Defendant

_____/

## SECOND AMENDED COMPLAINT

**COME NOW**, Plaintiffs, ANDREW CRAMER, KIM GRADEN, JEANNINE

DONIGAN, BRITTANY WALKER, ANITA REDFERN, SCOTT SAKALL,

BRIDGETT WILLIAMS-COOPER, LATOYA LATSON, and SASHA TERAN

(hereinafter referred to collectively as "Plaintiffs"), by and through their

undersigned counsel, and hereby sue Defendant, FAVORITE HEALTHCARE

STAFFING, INC., a for profit corporation (hereinafter referred to as "Defendant"),

and in support thereof, Plaintiffs state as follows:

## PARTIES, JURISDICTION & VENUE

1.    This is an action for violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §201, et seq., as amended, and Florida's common law. This

Court has jurisdiction pursuant to 29 U.S.C. §216(b) and supplemental jurisdiction as to the state claims.

2.      Plaintiffs are citizens and residents of the State of Florida.  At all times material hereto, Plaintiffs were employees of Defendant.

3.      At all material times hereto, Defendant, FAVORITE HEALTHCARE STAFFING, INC., was and is a foreign for profit corporation authorized and doing business within the State of Florida, including Orange County, Florida, which is in the Middle District of Florida.  Defendant was, and is, an employer within the meaning of the FLSA, 29 U.S.C. §203(d), and did employ all Plaintiffs.

4.      At all times material to this action and within the relevant time period, Defendant was an enterprise engaged in interstate commerce within the meaning of the FLSA as they had employees who engaged in such commerce and had gross annual revenue in each relevant year that totaled $500,000 or more.

5.      Venue is proper in the Middle District of Florida, because the work for which the Plaintiffs were not properly paid occurred at the Orange County Convention Center, located in Orlando, Orange County, Florida, located in the Middle District of Florida.  The Middle District of Florida is thus the location where the injury and harm that is the subject of this complaint occurred.

## GENERAL ALLEGATIONS

6.      Plaintiffs were employees of FAVORITE HEALTHCARE STAFFING, INC., who were employed in response to the COVID-19 Pandemic. Plaintiffs were non-exempt employees and each paid an hourly rate.

7.     Plaintiffs were mobilized from March 14, 2020 (although each Plaintiff started work on or about March 20, 2020, until various dates between April 7, 2020, and August 21, 2020).

8.     Plaintiffs worked as Registered Nurses while on assignment.

9.     Defendant made representations that Plaintiffs would be guaranteed a minimum of 48 hours per week and would be paid one and one-half times their regular rate of pay for any hours over 40 in a given workweek.

10.     While on assignment, with few exceptions Plaintiffs[1] were required to stay at a nearby hotel of the employer's choosing so that each could be called to duty if needed in an expedited manner.  Such conditions imposed restrictions on the employees which prevented them from effectively using their time for personal use.

11.     Even on their scheduled days off, Plaintiffs were sequestered to their hotel rooms and treated as on-call and/or waiting time.

12.     Employees were not compensated for on-call and/or waiting time.

13.     Plaintiffs were routinely obligated to participate in staff meetings for which they were not compensated.

---

[1] Plaintiffs Andrew Cramer and Bridgett Williams-Cooper were not required to stay at the hotel due to disability-related accommodations, but their on-call time was likewise restricted such that they too were not able to use their time effectively for personal use.

14.    Plaintiffs were routinely obligated to report for mandatory temperature checks which would take anywhere between 30 to 45 minutes or more to complete, and for which they were not compensated.

15.    Defendant required Plaintiffs to sign pre-completed timesheets that inaccurately reflected hours worked for any given day. As such, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiffs as mandated by the FLSA.

16.    Defendant routinely threatened to retaliate against any staff that dared to fill out whistleblower/bullying reports by terminating them.

17.    Defendant failed to compensate them with proper overtime wages for all hours worked in excess of the 40-hour workweek as required by the FLSA. Pursuant thereto, Plaintiffs should have been paid at a rate of one and one-half times their regular rate for such hours worked in excess of the 40-hour workweek.

18.    The original pay records reflecting the hours for which compensation was due are in Defendant's possession.

19.    The last day of employment by Defendant for Plaintiffs ANDREW CRAMER, KIM GRADEN, JEANNINE DONIGAN, and BRITTANY WALKER was May 2, 2020, when the Plaintiffs were terminated for discussing their pay. Plaintiff LATOYA LATSON's final day of employment by Defendant was on or around April 7, 2020, while Plaintiff ANITA REDFERN's last day of employment by Defendant was on or around May 22, 2020. Plaintiffs SCOTT SAKALL, BRIDGETT

WILLIAMS-COOPER, and SASHA TERAN's last day of employment was August 21, 2020.

20.    Defendant violated the FLSA, from March 14, 2020, through August 21, 2020, in that:

 a.    Defendant failed to compensate Plaintiffs with proper overtime wages for all hours worked in excess of the 40-hour workweek as required by the FLSA.

 b.    Defendant failed to keep accurate time records reflecting compensation due and paid to the Plaintiffs as mandated by the FLSA.

21.    As a direct and proximate cause of Defendant's willful failure to pay overtime wages, Plaintiffs have been damaged in the loss of overtime wages for one or more weeks of work with Defendant.

22.    Defendant's failure to properly compensate Plaintiffs their earned overtime wages was willful as evidenced by the pre-completed time sheets with inaccurate time entries and the employer's threat of reprisal for employees who complain about wage issues.

23.    Plaintiffs have retained the undersigned attorneys to represent them in this litigation, and have and will incur costs and attorney's fees in pursuing these claims against the Defendant.

## COUNT I
## ANDREW CRAMER'S UNPAID OVERTIME WAGES AGAINST THE DEFENDANT

24.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25.    Plaintiff is entitled to payment for all hours worked in excess of the regular 40-hour workweek during his employment with Defendant.

26.    Defendant failed to pay Plaintiff any of the aforementioned earned wages.

27.    Defendant knew that it was not paying Plaintiff his required wages, as it routinely required Plaintiff to sign pre-completed timesheets that inaccurately reflected hours worked for any given day.

28.    At all times relevant hereto, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiff as mandated by the FLSA.

29.    Defendant willfully failed to pay Plaintiff for all of his earned overtime pay for the length of his employment in violation of 29 U.S.C. §207.

30.    As a direct and proximate cause of the Defendant's deliberate failure to pay Plaintiff his earned wages, Plaintiff has been damaged in the loss thereof.

31.    As a direct and proximate cause of Defendant's willful acts and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

32.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE** the Plaintiff, ANDREW CRAMER, respectfully requests that this Court enter judgment in his favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for an award of actual unpaid overtime wages, an equal amount for liquidated damages, as well as costs and attorney's fees, and such other relief this Court deems proper.

## COUNT II
## ANDREW CRAMER'S UNPAID WAGES AGAINST DEFENDANT

33.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

34.    Plaintiff worked for Defendant, FAVORITE HEALTHCARE STAFFING, INC., and earned wages throughout his employment with Defendant.

35.    Defendant failed to pay Plaintiff his complete earned wages for every hour he worked in each workweek for most of his employment in violation of Florida common law.

36.    Plaintiff has satisfied all conditions precedent to the filing of this action.

37.    As a direct and proximate cause of Defendant's failure to pay Plaintiff all his earned wages, Plaintiff has been damaged in the loss of unpaid wages for the entirety of his time employed with Defendant.

38.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08.

**WHEREFORE**, Plaintiff, ANDREW CRAMER, respectfully requests that this Court enter judgment in his favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

<u>**COUNT III**</u>
<u>**KIM GRADEN'S UNPAID OVERTIME WAGES AGAINST THE DEFENDANT**</u>

39.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

40.     Plaintiff is entitled to payment for all hours worked in excess of the regular 40-hour workweek during her employment with Defendant.

41.     Defendant failed to pay Plaintiff any of the aforementioned earned wages.

42.     Defendant knew that it was not paying Plaintiff her required wages, as it routinely required Plaintiff to sign pre-completed timesheets that inaccurately reflected hours worked for any given day.

43.     At all times relevant hereto, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiff as mandated by the FLSA.

44.     Defendant willfully failed to pay Plaintiff for all of his earned overtime pay for the length of his employment in violation of 29 U.S.C. §207.

45.    As a direct and proximate cause of the Defendant's deliberate failure to pay Plaintiff her earned wages, Plaintiff has been damaged in the loss thereof.

46.    As a direct and proximate cause of Defendant's willful acts and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

47.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE** the Plaintiff, KIM GRADEN respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for an award of actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees, and such other relief this Court deems proper.

## COUNT IV
## KIM GRADEN'S UNPAID WAGES AGAINST THE DEFENDANT

48.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

49.    Plaintiff worked for Defendant, FAVORITE HEALTHCARE STAFFING, INC., and earned wages throughout her employment with Defendant.

50.    Defendant failed to pay Plaintiff her complete earned wages for every hour she worked in each workweek for most of her employment in violation of Florida common law.

51.     Plaintiff has satisfied all conditions precedent to the filing of this action.

52.     As a direct and proximate cause of Defendant's failure to pay Plaintiff all her earned wages, Plaintiff has been damaged in the loss of unpaid wages for the entirety of her time employed with Defendant.

53.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08.

**WHEREFORE**, Plaintiff, KIM GRADEN, respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT V
## JEANNINE DONIGAN'S UNPAID OVERTIME WAGES AGAINST THE DEFENDANT

54.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

55.     Plaintiff is entitled to payment for all hours worked in excess of the regular 40-hour workweek during her employment with Defendant.

56.     Defendant failed to pay Plaintiff any of the aforementioned earned wages.

57.     Defendant knew that it was not paying Plaintiff her required wages, as it routinely required Plaintiff to sign pre-completed timesheets that inaccurately reflected hours worked for any given day.

58.     At all times relevant hereto, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiff as mandated by the FLSA.

59.     Defendant willfully failed to pay Plaintiff for all of his earned overtime pay for the length of his employment in violation of 29 U.S.C. §207.

60.     As a direct and proximate cause of the Defendant's deliberate failure to pay Plaintiff her earned wages, Plaintiff has been damaged in the loss thereof.

61.     As a direct and proximate cause of Defendant's willful acts and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

62.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE** the Plaintiff, JEANNINE DONIGAN, respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for an award of actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees, and such other relief this Court deems proper.

**COUNT VI**
**JEANNINE DONIGAN'S UNPAID WAGES AGAINST THE**
**DEFENDANT**

63.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

64.    Plaintiff worked for Defendant, FAVORITE HEALTHCARE STAFFING, INC., and earned wages throughout her employment with Defendant.

65.    Defendant failed to pay Plaintiff her complete earned wages for every hour she worked in each workweek for most of her employment in violation of Florida common law.

66.    Plaintiff has satisfied all conditions precedent to the filing of this action.

67.    As a direct and proximate cause of Defendant's failure to pay Plaintiff all her earned wages, Plaintiff has been damaged in the loss of unpaid wages for the entirety of her time employed with Defendant.

68.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08.

**WHEREFORE**, Plaintiff, JEANNINE DONIGAN, respectfully requests that this Court enter judgment in her favor and against the Defendant, FAVORITE HEALTHCARE STAFFING, INC., for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT VII
## BRITTANY WALKER'S UNPAID OVERTIME WAGES AGAINST THE DEFENDANT

69.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

70.    Plaintiff is entitled to payment for all hours worked in excess of the regular 40-hour workweek during her employment with Defendant.

71.    Defendant failed to pay Plaintiff any of the aforementioned earned wages.

72.    Defendant knew that it was not paying Plaintiff her required wages, as it routinely required Plaintiff to sign pre-completed timesheets that inaccurately reflected hours worked for any given day.

73.    At all times relevant hereto, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiff as mandated by the FLSA.

74.    Defendant willfully failed to pay Plaintiff for all of his earned overtime pay for the length of his employment in violation of 29 U.S.C. §207.

75.    As a direct and proximate cause of the Defendant's deliberate failure to pay Plaintiff her earned wages, Plaintiff has been damaged in the loss thereof.

76.    As a direct and proximate cause of Defendant's willful acts and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

77.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE** the Plaintiff, BRITTANY WALKER, respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for an award of actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees, and such other relief this Court deems proper.

## COUNT VIII
## BRITTANY WALKER'S UNPAID WAGES AGAINST THE DEFENDANT

78.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

79.    Plaintiff worked for Defendant, FAVORITE HEALTHCARE STAFFING, INC., and earned wages throughout her employment with Defendant.

80.    Defendant failed to pay Plaintiff her complete earned wages for every hour she worked in each workweek for most of her employment in violation of Florida common law.

81.    Plaintiff has satisfied all conditions precedent to the filing of this action.

82.    As a direct and proximate cause of Defendant's failure to pay Plaintiff all her earned wages, Plaintiff has been damaged in the loss of unpaid wages for the entirety of her time employed with Defendant.

83.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08.

**WHEREFORE,** Plaintiff, BRITTANY WALKER, respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT IX
## ANITA REDFERN'S UNPAID OVERTIME WAGES AGAINST DEFENDANT

84.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

85.    Plaintiff is entitled to payment for all hours worked in excess of the regular 40-hour workweek during her employment with Defendant.

86.    Defendant failed to pay Plaintiff any of the aforementioned earned wages.

87.    Defendant knew that it was not paying Plaintiff her required wages, as it routinely required Plaintiff to sign pre-completed timesheets that inaccurately reflected hours worked for any given day.

88.    At all times relevant hereto, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiff as mandated by the FLSA.

89.    Defendant willfully failed to pay Plaintiff for all of her earned overtime pay for the length of his employment in violation of 29 U.S.C. §207.

90.    As a direct and proximate cause of the Defendant's deliberate failure to pay Plaintiff her earned wages, Plaintiff has been damaged in the loss thereof.

91.    As a direct and proximate cause of Defendant's willful acts and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

92.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE** the Plaintiff, ANITA REDFERN, respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for an award of actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees, and such other relief this Court deems proper.

<u>**COUNT X**</u>
**<u>ANITA REDFERN'S UNPAID WAGES AGAINST DEFENDANT</u>**

93.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

94.    Plaintiff worked for Defendant, FAVORITE HEALTHCARE STAFFING, INC., and earned wages throughout her employment with Defendant.

95.    Defendant failed to pay Plaintiff her complete earned wages for every hour she worked in each workweek for most of her employment in violation of Florida common law.

96.    Plaintiff has satisfied all conditions precedent to the filing of this action.

97.    As a direct and proximate cause of Defendant's failure to pay Plaintiff all her earned wages, Plaintiff has been damaged in the loss of unpaid wages for the entirety of her time employed with Defendant.

98.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08.

**WHEREFORE,** Plaintiff, ANITA REDFERN, respectfully requests that this Court enter judgment in her favor and against the Defendant, FAVORITE HEALTHCARE STAFFING, INC., for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

<u>**COUNT XI**</u>
<u>**SCOTT SAKALL'S UNPAID OVERTIME WAGES AGAINST THE**</u>
<u>**DEFENDANT**</u>

99.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

100.    Plaintiff is entitled to payment for all hours worked in excess of the regular 40-hour workweek during his employment with Defendant.

101.    Defendant failed to pay Plaintiff any of the aforementioned earned wages.

102.    Defendant knew that it was not paying Plaintiff his required wages, as it routinely required Plaintiff to sign pre-completed timesheets that inaccurately reflected hours worked for any given day.

103.    At all times relevant hereto, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiff as mandated by the FLSA.

104.    Defendant willfully failed to pay Plaintiff for all of his earned overtime pay for the length of his employment in violation of 29 U.S.C. §207.

105.    As a direct and proximate cause of the Defendant's deliberate failure to pay Plaintiff his earned wages, Plaintiff has been damaged in the loss thereof.

106.    As a direct and proximate cause of Defendant's willful acts and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

107.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE** the Plaintiff, SCOTT SAKALL, respectfully requests that this Court enter judgment in his favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for an award of actual unpaid overtime wages, an equal amount for liquidated damages, as well as costs and attorney's fees, and such other relief this Court deems proper.

## COUNT XII
## SCOTT SAKALL'S UNPAID WAGES AGAINST DEFENDANT

108.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

109.    Plaintiff worked for Defendant, FAVORITE HEALTHCARE STAFFING, INC., and earned wages throughout his employment with Defendant.

110.    Defendant failed to pay Plaintiff his complete earned wages for every hour he worked in each workweek for most of his employment in violation of Florida common law.

111.    Plaintiff has satisfied all conditions precedent to the filing of this action.

112.    As a direct and proximate cause of Defendant's failure to pay Plaintiff all his earned wages, Plaintiff has been damaged in the loss of unpaid wages for the entirety of his time employed with Defendant.

113.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08.

**WHEREFORE**, Plaintiff, SCOTT SAKALL, respectfully requests that this Court enter judgment in his favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XIII
## BRIDGETT WILLIAMS-COOPER'S UNPAID OVERTIME WAGES AGAINST THE DEFENDANT

114.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

115.    Plaintiff is entitled to payment for all hours worked in excess of the regular 40-hour workweek during her employment with Defendant.

116.    Defendant failed to pay Plaintiff any of the aforementioned earned wages.

117.    Defendant knew that it was not paying Plaintiff her required wages, as it routinely required Plaintiff to sign pre-completed timesheets that inaccurately reflected hours worked for any given day.

118.    At all times relevant hereto, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiff as mandated by the FLSA.

119.    Defendant willfully failed to pay Plaintiff for all of her earned overtime pay for the length of her employment in violation of 29 U.S.C. §207.

120.    As a direct and proximate cause of the Defendant's deliberate failure to pay Plaintiff her earned wages, Plaintiff has been damaged in the loss thereof.

121.    As a direct and proximate cause of Defendant's willful acts and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

122.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE** the Plaintiff, BRIDGETT WILLIAMS-COOPER, respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for an award of actual unpaid overtime wages, an equal amount for liquidated damages, as well as costs and attorney's fees, and such other relief this Court deems proper.

## COUNT XIV
## BRIDGETT WILLIAMS-COOPER'S UNPAID WAGES AGAINST DEFENDANT

123.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

124.    Plaintiff worked for Defendant, FAVORITE HEALTHCARE STAFFING, INC., and earned wages throughout her employment with Defendant.

125.    Defendant failed to pay Plaintiff her complete earned wages for every hour she worked in each workweek for most of her employment in violation of Florida common law.

126.    Plaintiff has satisfied all conditions precedent to the filing of this action.

127.    As a direct and proximate cause of Defendant's failure to pay Plaintiff all her earned wages, Plaintiff has been damaged in the loss of unpaid wages for the entirety of her time employed with Defendant.

128.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08.

**WHEREFORE**, Plaintiff, BRIDGETT WILLIAMS-COOPER, respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XV
## LATOYA LATSON'S UNPAID OVERTIME WAGES AGAINST DEFENDANT

129.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

130.    Plaintiff is entitled to payment for all hours worked in excess of the regular 40-hour workweek during her employment with Defendant.

131.    Defendant failed to pay Plaintiff any of the aforementioned earned wages.

132.    Defendant knew that it was not paying Plaintiff her required wages, as it routinely required Plaintiff to sign pre-completed timesheets that inaccurately reflected hours worked for any given day.

133.    At all times relevant hereto, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiff as mandated by the FLSA.

134.    Defendant willfully failed to pay Plaintiff for all of his earned overtime pay for the length of his employment in violation of 29 U.S.C. §207.

135.    As a direct and proximate cause of the Defendant's deliberate failure to pay Plaintiff her earned wages, Plaintiff has been damaged in the loss thereof.

136.    As a direct and proximate cause of Defendant's willful acts and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

137.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE** the Plaintiff, LATOYA LATSON, respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for an award of actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees, and such other relief this Court deems proper.

## COUNT XVI
## LATOYA LATSON'S UNPAID WAGES AGAINST DEFENDANT

138.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

139.    Plaintiff worked for Defendant, FAVORITE HEALTHCARE STAFFING, INC., and earned wages throughout her employment with Defendant.

140.    Defendant failed to pay Plaintiff her complete earned wages for every hour she worked in each workweek for most of her employment in violation of Florida common law.

141.    Plaintiff has satisfied all conditions precedent to the filing of this action.

142.    As a direct and proximate cause of Defendant's failure to pay Plaintiff all her earned wages, Plaintiff has been damaged in the loss of unpaid wages for the entirety of her time employed with Defendant.

143.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08.

**WHEREFORE,** Plaintiff, LATOYA LATSON, respectfully requests that this Court enter judgment in her favor and against the Defendant, FAVORITE HEALTHCARE STAFFING, INC., for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XVII
## SASHA TERAN'S UNPAID OVERTIME WAGES AGAINST DEFENDANT

144.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

145.    Plaintiff is entitled to payment for all hours worked in excess of the regular 40-hour workweek during her employment with Defendant.

146.    Defendant failed to pay Plaintiff any of the aforementioned earned wages.

147.    Defendant knew that it was not paying Plaintiff her required wages, as it routinely required Plaintiff to sign pre-completed timesheets that inaccurately reflected hours worked for any given day.

148.    At all times relevant hereto, Defendant failed to keep accurate time records reflecting compensation due and paid to Plaintiff as mandated by the FLSA.

149.    Defendant willfully failed to pay Plaintiff for all of his earned overtime pay for the length of his employment in violation of 29 U.S.C. §207.

150.    As a direct and proximate cause of the Defendant's deliberate failure to pay Plaintiff her earned wages, Plaintiff has been damaged in the loss thereof.

151.    As a direct and proximate cause of Defendant's willful acts and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

152.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE** the Plaintiff, SASHA TERAN, respectfully requests that this Court enter judgment in her favor and against Defendant, FAVORITE HEALTHCARE STAFFING, INC., for an award of actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees, and such other relief this Court deems proper.

<u>**COUNT XVIII**</u>
**<u>SASHA TERAN'S UNPAID WAGES AGAINST DEFENDANT</u>**

153.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

154.    Plaintiff worked for Defendant, FAVORITE HEALTHCARE STAFFING, INC., and earned wages throughout her employment with Defendant.

155.    Defendant failed to pay Plaintiff her complete earned wages for every hour she worked in each workweek for most of her employment in violation of Florida common law.

156.    Plaintiff has satisfied all conditions precedent to the filing of this action.

157.    As a direct and proximate cause of Defendant's failure to pay Plaintiff all her earned wages, Plaintiff has been damaged in the loss of unpaid wages for the entirety of her time employed with Defendant.

158.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08.

**WHEREFORE,** Plaintiff, SASHA TERAN, respectfully requests that this Court enter judgment in her favor and against the Defendant, FAVORITE HEALTHCARE STAFFING, INC., for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand jury trial as to all issues so triable.

**DATED** this 5th day of March, 2021.

NeJame Law, P.A.

By:  _/s/ Richard W. Smith_____
Florida Bar No.  13943
189 S. Orange Avenue
Suite 1800
Orlando, Florida 32801
Telephone:  (407) 500-0000
Facsimile:  (407) 802-1641
richard@nejamelaw.com
civilservice@nejamelaw.com
laurie@nejamelaw.com
*Attorney for Plaintiffs*

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 5, 2021, I electronically filed the foregoing with the

Clerk of the Court by using CM/ECF system which will send a notice of filing to all

CM/ECF participants.


                                       */s/ Richard W. Smith*
                                       Richard W. Smith, Esquire
                                       *Attorney for Plaintiffs*