UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW CRAMER; KIM
GRADEN; JEANNINE DONIGAN;
BRITTANY WALKER; ANITA
REDFERN; SCOTT SAKALL;
BRIDGETT WILLIAMS-COOPER;
LATOYA LATSON; and SASHA
TERAN,

    Plaintiffs,

v.                                                             Case No. 6:20-cv-1808-RBD-EJK

FAVORITE HEALTHCARE
STAFFING, INC.,

    Defendant.
_____

## ORDER

In this Fair Labor Standards Act ("FLSA") case, the parties jointly moved for approval of their settlement agreements (Docs. 91-1 to 91-9 ("Agreements")). (Doc. 91 ("Motion").) On referral, U.S. Magistrate Judge Embry J. Kidd recommends the Court grant the Motion. (Doc. 92 ("R&R").) The parties did not object, so the Court examines the R&R for clear error only. (Doc. 93); *see Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the R&R is due to be adopted in its entirety.

The Court notes that Plaintiff Sasha Teran's agreement includes a general

release of her claims against Defendant and a non-disparagement clause in exchange for an additional $2,000 beyond the amounts offered in settlement of her wage and hour claims. (Doc. 91-1, ¶¶ 2(c), 4, 8.) The Court has previously ruled that "[p]ervasive, overly broad releases have no place in settlements of most FLSA claims." *Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) (Dalton, J.) (stating that typical FLSA cases include indeterminate general releases that prevents courts from evaluating waived claims for fairness). *Id.* But the provisions here are not overly broad—they are limited to claims Teran may have as of the date of the execution of the agreement (as opposed to potential future claims). (Doc. 91-1, ¶ 8.) And the provision includes several carve-outs, evidencing that it was crafted with specificity and care to preserve Teran's rights. (*See id.*) Finally, the additional $2,000 paid to Teran in exchange for these provisions is not a nominal sum, alleviating concern that the payment is an attempt by Defendant to obtain an unearned benefit arising in the context of a wage and hour claim. *See Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (Dalton, J.) ("[I]f a plaintiff is given compensation in addition to that which she is entitled under the FLSA, then general releases can be permissible.").

So the Court agrees with Judge Kidd's reasoning that the general release and non-disparagement clauses of Teran's agreement do not taint the

2

reasonableness and fairness of her or the other Plaintiffs' Agreements.[1] (Doc. 92, pp. 11–12.)

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The R&R (Doc. 92) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

2. The Motion (Doc. 91) is **GRANTED**.

3. The Agreements (Docs. 91-1 through 91-9) are **APPROVED** as fair and reasonable.

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 8, 2023.

ROY B. DALTON JR.
United States District Judge

---

[1] The Court will continue to look askance at any FLSA settlement that includes a general release, confidentiality clause, non-disparagement provision, or other related condition extracted in exchange for wages owed under the FLSA.